James D. Greene, Esq.
Nevada Bar No. 2647
**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Telephone: (702) 570-6000
Facsimile: (702) 463-8401
E-mail: jgreene@greeneinfusolaw.com

Counsel for Christian and Anna Carla Lopez

*E-filed: October 31, 2016.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: ALAN DAVID TIKAL,<br><br>　　　　　　　　　　Debtor.<br>_____<br>CHRISTIAN LOPEZ & ANNA CARLA LOPEZ,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>ALAN DAVID TIKAL, also known as DAVID ALAN TIKAL, individually and as Trustee of KATN REVOCABLE LIVING TRUST; VICTORIA NELSON, solely in her official capacity as Chapter 7 Trustee,<br><br>　　　　　　　　　　Defendants. | Bankruptcy No. 11-23486-LED<br><br>Chapter 7<br><br><br>Adv. Pro. No. 16-01045-LED<br><br><br><br><br>**APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ALAN DAVID TIKAL AND VICTORIA NELSON**<br><br>**Hearing Date: December 5, 2016**<br>**Hearing Time: 1:30 p.m.** |

Plaintiffs, Christian Lopez and Anna Carla Lopez, individuals (collectively hereafter "Plaintiffs" or "Lopez"), by and through their counsel of record, James D. Greene of the firm Greene Infuso, LLP, hereby move the above-entitled Court for entry of Default Judgment in their favor and against Defendant Alan David Tikal, also known as David Alan Tikal, individually and in his capacity as trustee of the KATN Revocable Living Trust ("Tikal" or "Defendant Tikal"), as follows:

1. Plaintiffs request that the Court find that the following written instruments were fraudulently procured, and determine that Plaintiffs owe nothing to Defendant Tikal, and that the following documents shall be cancelled, rescinded, voided, and declared to have no legal effect;

    (A) Note Secured by Deed of Trust (Straight Note) dated December 4, 2010 ("Tikal Note"), a copy of which is attached hereto as **Exhibit A**; and

    (B) Short Form Deed of Trust and Assignment of Rents (Individual) dated December 4, 2010 ("Tikal DOT"), which purports to secure the Tikal Note, and which was recorded as Instrument No. 2010-0522989 in the Recorder's Office in San Bernardino County, California on or about December 9, 2010 against the real property owned by Plaintiffs commonly known as 4132 Descanso Avenue, Chino Hills, California ("Property").[1] A copy of the Tikal DOT is attached hereto as **Exhibit B.**

2. For a judicial determination that title to the Property hereby is quieted in favor of Plaintiffs, and against Defendant Tikal and that the Tikal DOT is expunged from title to the Property, and shall have no effect on title to the Property otherwise.

3. For a determination that pursuant to California Civil Code section 2941, Defendant Nelson, as the Trustee in this Chapter 7 bankruptcy case ("Trustee" or "Defendant Nelson"), as assignee of the interests of Defendant Tikal, is authorized to, and shall, execute all such documents provided to her by Plaintiffs as may reasonably be necessary to reconvey, or cause to be reconveyed, the Tikal DOT. The Trustee shall either record such executed documents with the Recorder's Office in San Bernardino County, California, or provide such executed documents to Plaintiffs, who thereafter may record them.

For the convenience of the Court, Plaintiffs have attached a proposed form of judgment hereto as **Exhibit C.**

---

[1] The legal description of the Property is as follows: ALL THAT REAL PROPERTY SITUATED IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS: LOT 19, TRACT NO. 1932, AS PER MAP RECORDED IN BOOK 30 OF MISCELLANEOUS MAPS, PAGES 1 TO 5 INCLUSIVE, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY. APN: 1028-041-19-0-000

**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

This Application is made pursuant to Federal Rules of Civil Procedure 55(b)(1), and made applicable in this matter by Federal Rule of Bankruptcy Procedure 7055.  This Application is made on the grounds that Defendant Tikal and Defendant Nelson were both served with a copy of the Summons and Adversary Complaint in this action on August 4, 2016 **(ECF Nos. 13, 14 & 15)**; that Default was duly entered against Defendant Tikal and Defendant Nelson on September 28, 2016 **(ECF No. 21)**; for Defendant Tikal's and Defendant Nelson's failure to answer or otherwise defend this action; and that neither Defendant Tikal or Defendant Nelson are in the military service of the United States of America, and are not an infant nor an incompetent person;

In support of this Application, Plaintiffs rely on the Summonses issued and served in this action and Adversary Complaint filed and served in this action, the Declaration of Anna Carla Lopez, the Declaration of James D. Greene filed in support of the Application, all pleadings and papers filed herein, and any argument this Court may choose to hear.

DATED this 31st day of October, 2016.

**GREENE INFUSO, LLP**

/s/ James D. Greene
JAMES D. GREENE, ESQ.
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

Attorneys for Christian and Anna Carla Lopez

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF FACTS**

    **A.    Procedural Facts Supporting Entry of Default Judgment[2]**

1.  Defendant Tikal filed this bankruptcy under Chapter 11 of the Bankruptcy Code on August 25, 2011.  The Court entered an order converting this case to Chapter 7 on October 20, 2011.  Defendant Nelson was appointed Chapter 7 Trustee.

2.  On August 3, 2016, Plaintiffs, by and through their counsel of record, filed an amended adversary complaint against Defendant Tikal and Defendant Nelson. **(ECF No. 9.)**

3.  On August 4, 2016, this Court issued Summonses and Notices of Scheduling Conference in an Adversary Proceeding to Defendant Tikal and Defendant Nelson. **(ECF No. 12.)**

4.  On August 4, 2016, Defendant Tikal and Defendant Nelson were served with the Summonses, Adversary Complaint, Standard Discovery Plan, and Scheduling Order Packet. **(ECF Nos. 13, 14 & 15.)**

5.  More than thirty (30) days, exclusive of the day of service, have lapsed since service of the Summonses, Adversary Complaint, Standard Discovery Plan, and Scheduling Order Packet on Defendant Tikal and Defendant Nelson.

6.  Defendant Tikal and Defendant Nelson have not answered or otherwise plead, appeared, or responded to the Complaint, and neither has requested any additional time in which to file an answer or otherwise plead.

7.  On September 27, 2016, Plaintiffs filed an Amended Request for Entry of Default against Defendants with supporting documents. **(ECF Nos. 19 & 20.)**

8.  On September 28, 2016, the Court entered Default against Defendant Tikal and Defendant Nelson. **(ECF No. 21.)**

9.  Defendant Tikal and Defendant Nelson are not an infant or incompetent person, and are not presently serving in the military of the United States of America.

---

[2] These facts are set forth and supported by the Declaration of James D. Greene filed concurrently.

4

### B. Factual Basis Underlying Plaintiffs' Claims and Supporting Entry of Default Judgment Against Defendants

Plaintiffs are a married couple who reside in the home they own at 4132 Descanso Avenue in Chino Hills, California (the "Property"). Tikal is the debtor in the above-captioned bankruptcy case. Plaintiffs are informed and believe that Tikal, individually or in his capacity as trustee of KATN, purports to be the beneficiary under a second-position Short Form Deed of Trust and Assignment of Rents (Individual) against the Property dated December 4, 2010 and recorded in the Recorder's Office in San Bernardino County, California on or about December 9, 2010 (the "Tikal DOT"). The Tikal DOT is allegedly supported by a Note Secured by Deed of Trust (Straight Note) in the principal amount of $93,564 and dated December 4, 2010 (the "Tikal Note"). The Tikal DOT and the Tikal Note may be collectively referred to herein as the "Fraudulent Tikal Documents."

In 2010, Plaintiffs had sought a loan modification from Bank of America, which held the beneficial interest in the mortgages encumbering Plaintiffs' residence. That loan modification request was denied. In or about August 2010, Plaintiffs were told about Tikal who claimed to be able to obtain "second chance" loan modifications. Plaintiffs contacted Tikal, who told Plaintiffs that their mortgages on the Property were eligible for a loan modification, that their mortgages were considered by the U.S. Government as "illegal borrowed debt" and that the U.S. Government was recognizing these mortgages as illegal.

In or about September 2010, Plaintiffs attended a large meeting put on by Tikal at a hotel ballroom that was attended by 50-100 people including homeowners, real estate agents and others (the "Meeting"). At the Meeting, Tikal reiterated his claims about the alleged illegality of many mortgages and his ability to obtain loan modifications even if prior modification efforts had failed. Tikal also introduced his assistants and agents, including Ray Kornfeld. Subsequent to the Meeting, Plaintiffs participated in at least two telephonic conference calls in which Tikal and his associates discussed the illegality of the mortgages held by Bank of America and the "loan modification" process they were using.

Thereafter, Kornfeld instructed Plaintiffs to sign a Loan Modification Agreement and Authorization to Negotiate and Release Information which were represented as being legal

**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

documents prepared by attorneys. Kornfeld told Plaintiffs that they also needed to sign a Deed of Trust and a Note that would replace their existing mortgages and which would be equal to 25% or their existing mortgage debt on the Property (which amounted to $93,564). Kornfeld further instructed Plaintiffs to pay the sum of $5,000 to an organization called Caring About America, Inc. ("CAA"), which was allegedly a mortgage servicing center that would begin the process of working with the holder of Plaintiffs' existing first and second mortgages, Bank of America, to complete the Loan Modification. Kornfeld also told Plaintiffs to discontinue making mortgage payments on their existing first and second mortgages and to wait for further instructions from CAA and KATN. This seemed to make sense because when Plaintiffs sought a loan modification from Bank of America, they had been instructed to stop making payments.

In December 2010, Plaintiffs were instructed to sign and have notarized the Tikal DOT and the Tikal Note. Plaintiffs were also instructed to start making monthly payments of $584.78 to KATN (the payee on the Tikal Note). Plaintiffs did as instructed, believing that Tikal and his associates were helping them achieve a legitimate and much-needed loan modification.

On or about February 9, 2011, Plaintiffs discovered that Tikal had been arrested for mortgage fraud. Plaintiffs contacted Kornfeld, who informed Plaintiffs that Tikal's arrest was a big misunderstanding and that Tikal's attorneys were clearing up this problem.

During 2011 and 2012, Plaintiffs received multiple letters notifying them about a potential foreclosure by Bank of America. Tikal's representatives instructed Plaintiffs to ignore these letters. They told Plaintiffs that such letters were tactics of Bank of America to scare Plaintiffs and instructed Plaintiffs to submit copies of all such letters to their office so KATN could file formal complaints and demand that Bank of America cease and desist from this alleged harassment. Throughout this period, Plaintiffs were living with constant stress fearing that they could be foreclosed and evicted at any moment.

In the summer of 2013, Plaintiffs were contacted by Bank of America and told that they were victims of a mortgage fraud scheme. Plaintiffs contacted Kornfeld who denied the existence of any such scheme, but who told them to make the best deal they could with Bank of America and to stop making payments to KATN. By this time, Plaintiffs had paid approximately $20,000

6

to CAA and KATN. Kornfeld assured Plaintiffs that they would receive a full refund of any amounts paid when Tikal was out of prison.

In September 2014, a representative of the U.S. Department of Justice informed Plaintiffs that Tikal was being sentenced and that if they would provide a copy of the documentation that Plaintiffs signed, a meeting would be arranged with Tikal to get the Tikal DOT cleared from the title of the Property. To date the Tikal DOT remains an encumbrance on the Properties.[3]

## II. LEGAL ARGUMENT

### A. Plaintiffs have Satisfied the Standards for Entry of Default Judgment

Federal Rule of Civil Procedure 55(b)(1), made applicable to this adversary proceeding through Federal Rule of Bankruptcy Procedure 7055, provides that, upon request, judgment may be entered by the clerk for a sum certain, plus costs, when it is shown by affidavit that said amounts are due, the defendant has been defaulted for failure to appear, and the Defendant is not a minor nor an incompetent person. Federal Rule of Civil Procedure 55(b)(2), made applicable to the is adversary proceeding through Federal Rule of Bankruptcy Procedure 7055, provides that, upon application by a party, judgment may be entered by the court in all other cases. In this case, Plaintiffs seeks entry of default judgment against Defendant Tikal and Defendant Nelson for their failure to appear in this action.

Plaintiffs have satisfied the standards for entry of default judgment against Defendants. This Application, together with the Declarations of Anna Carla Lopez and of James D. Greene filed in support thereof, satisfies the requirements of Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7055, as they set forth both the legal and factual basis for entry of a default judgment against Defendants. Further, as set forth in the Declaration of James D. Greene, Defendants were previously defaulted for failure to appear in this action and Defendants are not infants nor incompetent persons. Accordingly, Plaintiffs request entry of default judgment against Defendant Tikal and Defendant Nelson.

---

[3] Defendant Tikal scheduled the Tikal Note as a $93,554.00 account receivable asset of this estate in his initially filed Schedule B. (ECF 9-1, Page 10 in Defendant Tikal's main bankruptcy case.) Defendant Tikal listed the address of the Property as the "Property Address" associated with the alleged receivable, an apparent reference to the alleged secured status of the Tikal Note under the Tikal DOT. (*Id.*)

7

**B.     Plaintiffs are Entitled to Entry of Default Judgment on the First Claim for Declaratory Relief (Cancellation / Recession of Written Instruments)**

Federal Rules of Bankruptcy Procedure 7001(7) and 7001(9) provide that equitable relief, including in the form of Declaratory Relief, is appropriate in an adversary proceeding. Likewise, Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9) enable the Court to determine the validity of an alleged lien or other interest in property, and allow the Court to enter a declaratory judgment based on its findings.

As established in the accompanying Declaration of Anna Carla Lopez, Plaintiffs were defrauded into executing the Tikal Note and Tikal DOT, and do not owe any sums to Defendant Tikal or to this estate. Nevertheless, Defendant Tikal scheduled Plaintiffs' alleged debt and fraudulently induced supporting documents as assets of this estate. Under these circumstances, judicial declaration that Plaintiff does not owe any sums to Defendant Tikal or this estate, and that the Tikal Note and Tikal DOT should be cancelled and rescinded, are necessary and appropriate. Plaintiffs request such relief from this Court, and is entitled to default judgment on this claim for relief.

**C.     Plaintiffs are Entitled to Entry of Default Judgment on the Second Claim for Declaratory Relief (Expunging Lien and Quieting Title to Real Property)**

Federal Rules of Bankruptcy Procedure 7001(7) and 7001(9) provide that equitable relief, including in the form of Declaratory Relief, is appropriate in an adversary proceeding. Likewise, Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9) enable the Court to determine the validity of an alleged lien or other interest in property, and allow the Court to enter a declaratory judgment based on its findings.

As established in the accompanying Declaration of Anna Carla Lopez, Plaintiffs were defrauded into executing the Tikal Note and Tikal DOT, and they do not owe any sums to Defendant Tikal or to this estate. Nevertheless, Defendant Tikal scheduled Plaintiffs' alleged debt and fraudulently induced supporting documents as assets of the bankruptcy estate. Under these circumstances, judicial declarations that Plaintiffs do not owe any sums to Defendant Tikal or this estate, that the Tikal Note and Tikal DOT should be cancelled and rescinded, that the Tikal DOT should be expunged from title to the Property, and that title to the Property should be

quieted in favor of Plaintiffs and against Defendant Tikal are necessary and appropriate. Plaintiffs request such relief from the Court, and is entitled to default judgment on this claim for relief.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request entry of Default Judgment in their favor, and against Defendant Tikal, and that such Default Judgment contain the following findings, determinations, and relief:

1. That the Tikal Note and the Tikal DOT were fraudulently procured, that Plaintiffs owe nothing to Defendant Tikal, and that the Tikal Note and Tikal DOT is cancelled, rescinded, voided, and declared to have no legal effect;

2. That title to the Property is quieted in favor of Plaintiffs and against Defendant Tikal, and that the Tikal DOT is expunged from title to the Property, and shall have no effect on title to the Property or otherwise;

3. That the Default Judgment may be recorded in with the Recorder's Office in San Bernardino County, California, and that such recording shall provide public notice of the expungement of the Tikal DOT from title to the Property to the fullest extent permitted by law; and

///
///
///
///
///
///
///
///

4. That pursuant to California Civil Code section 2941, Defendant Nelson, as Trustee and assignee of the interests of Defendant Tikal, is authorized to, and shall, execute all such documents provided to her by Plaintiffs as may be reasonably necessary to reconvey, or cause to be reconveyed, the Tikal DOT and the Trustee shall either record such executed documents with the Recorder's Office in San Bernardino County, California, or provide such executed documents to Plaintiffs, who thereafter may record them.

Dated this 31st day of October, 2016.

**GREENE INFUSO, LLP**

/s/ James D. Greene
James D. Greene, Esq.
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

Attorneys for Christian and Anna Carla Lopez

10

## CERTIFICATE OF SERVICE

I am employed by the law firm of Greene Infuso, LLP in Clark County. I am over the age of 18 and not a party to this action. My business address is 3030 South Jones Boulevard, Suite 101, Las Vegas, Nevada 89146.

On October 31, 2016, I served the document(s), described as: APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ALAN DAVID TIKAL AND VICTORIA NELSON

☒ by placing the ☐ original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ a. ECF System *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

☒ b. BY U.S. MAIL. I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid.

Alan David Tikal
c/o Ray Kornfield
8121 Caramel Gorge Court
Las Vegas, Nevada 89143

Alan David Tikal
c/o Ray Kornfield
FCI
13777 Air Expressway Blvd.
Victorville, CA 92394

Victoria Nelson
3900 Paradise Road. Suite U
Las Vegas, Nevada 89169

United States Trustee
300 Las Vegas Blvd. South
Fourth Floor
Las Vegas, Nevada 89101

I am readily familiar with Greene Infuso, LLP practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S.

11

Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. BY PERSONAL SERVICE.

☐ d. BY DIRECT EMAIL

☐ e. BY FACSIMILE TRANSMISSION

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 31st day of October, 2016

                       /s/ K. Farney
                       An employee of Greene Infuso, LLP

**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
(702) 570-6000